BART. WALLENDORF, Petitioner, *v.* COUNTY JUSTICES OF COUNTY COURT OF COLE COUNTY, Respondents.

1. *Revenue — School taxes — Delinquent land list — Warrant for, made out on the county treasury.*—Under the act of 1868, concerning schools (Wagn. Stat. pp. 1246-7, §§ 18–20), the justices of a County Court are bound to issue to the township clerk, on demand, for the use of the schools, a warrant on the county treasury for the amount of the delinquent list of land taxes due the sub-school districts, without waiting until they are collected and paid into the county treasury.

*Petition for mandamus.*

*Johnson & Budd*, for petitioner.

*E. L. King*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was a petition by the relator, who is a township clerk, praying for a *mandamus* against the justices of the Cole County Court, who refuse to issue to him a warrant under the provisions of the school law. There is an allegation of all the requisite and necessary proceedings upon his part to entitle him to a warrant, provided the construction of the law contended for prevails. The averments are not denied; but it is insisted that in no event is the clerk, for the use of the schools, empowered to obtain a warrant from the County Court on the treasury, till the school taxes are collected upon which it must be drawn.

The case involves a construction of the law enacted in 1868, concerning schools. The eighteenth section provides for making estimates by the local directors, and prescribes the duties of the township board thereon. The nineteenth section makes it the duty of the township clerk to collect the various estimates, as provided in the preceding sections of the act; and immediately on the receipt of the tax book, to post up at the school-houses, in the various sub-districts, a notice of the time and place for receiving such taxes, which is made a sufficient notice to the tax-payers in such sub-districts, whose duty it is to pay to the clerk the sums thus due, on or before the first day of September following.

The twentieth section provides that it shall be the duty of the clerk to make out a list of taxes delinquent on the first day of September in each year, and return said list to the collector of the county, who shall give to such clerk a receipt for the same, and shall proceed and collect the same in like manner as State taxes are, or may be by law, collected, together with ten per cent., which shall be added thereto by him as a penalty, and which shall be in full compensation for his services in collecting and paying over such taxes; and he shall, as often as once in each month, pay over to the township clerk all such taxes collected by him, and take the clerk's receipt therefor. The section further provides that the collector shall, at the same time of returning the "land delinquent list" for State and county taxes, return therewith all land school taxes therein provided for, which shall remain unpaid; and when so returned, the same shall become a part of the county tax due on such land, and, as such, shall be collected and paid into the county treasury; and the County Court shall ascertain the amount due each sub-district on such delinquent lands, and draw their warrants on the county treasurer, payable to the township clerk, for the amounts found due. (See 2 Wagner's Stat. pp. 1246-7, §§ 18-20.)

The last section, upon which this case must rest, includes two propositions, or separate lines of action, namely: one in reference to the general delinquent list, the other as respects the "land delinquent list." In the former case it is made the duty of the collector to collect and pay over once in each month. The reason for this is because the collector possesses the means and the power of obtaining the taxes by summary process and sale. Not so, however, where the delinquency arises on account of an assessment against lands. Then the taxes can only be collected, and the lands subjected to sale, by instituting certain proceedings in conformity with the revenue law. It was doubtless seen by the Legislature that if the schools were deprived of the use of this fund till collections could be made, it would be productive of great embarrassment and detriment to the educational interests of the State. Hence, in the matter of the "land delinquent

list," provision was made that when it was returned it should become a part of the county tax due on such land, and, as such, should be collected and paid into the county treasury. It then becomes essentially a county tax, and the schools have no further control over it. But when the delinquent fund becomes the debtor of the county, the county assumes the position of creditor to the school fund, and upon an ascertainment of the amount due the respective sub-districts in consequence of the delinquent land tax, a warrant issues to them, giving them their just proportion. It operates simply as an advancement. The school directors make their contracts based on estimates and assessments, but, in case of a failure to collect, if no means were provided to supply the deficiency, great injury would result, and, as the tax constitutes a lien on the realty, there is no apprehension of the county suffering on account of the assumption. Wherefore, as the petition only asks for a warrant for the delinquent land list, which was regularly returned, it should be allowed.

Peremptory writ ordered. The other judges concur.